IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SMOG DOG, INC.,

    Plaintiff,

  v.

COALIANZ, LLC, ERIC J. WENDT,
GEORGE W. CHEROS, and DOES 1-20,

    Defendants.

Civil No. 05-42-HA

ORDER

HAGGERTY, Chief Judge:

    Before the court is defendants' Motion to Dismiss, Make More Definite and Certain, or to Strike (Doc. #11). For the following reasons, this motion is denied.

1 – ORDER

**BACKGROUND**

Plaintiff filed this action in January 2005, alleging breach of contract, securities violations, and common law fraud. It asserts that defendants Eric Wendt (Wendt), George Cheros (Cheros), and Does 1-20 participated or materially aided in a conspiracy to defraud plaintiff and to interfere with plaintiff's economic relationships with its shareholders. Plaintiff is in the business of locating, acquiring, developing, and operating vehicle emissions inspections in the State of California. Defendant Coalianz, LLC (Coalianz) is a consulting business.

According to the Complaint, on December 11, 2003, plaintiff entered into an agreement (hereinafter the Agreement) with Coalianz, whereby defendants agreed to obtain investment financing for plaintiff to help expand its business. At the time of the Agreement, plaintiff was in the process of raising money through an offering to its existing shareholders. Coalianz approached plaintiff and solicited its business, representing to plaintiff that it could raise the required capital almost immediately. Under the Agreement, plaintiff was to compensate Coalianz $12,000 per month for twelve months plus 15 percent equity and warrants to purchase 5 percent more equity in a cash-free transaction. Plaintiff avers that based on defendants' representations, plaintiff terminated its offer to the existing shareholders and relied upon Coalianz to obtain the necessary funding.

In July 2004, defendants presented plaintiff with a new form of the agreement (hereinafter the New Agreement), that extended the contract term to December 31, 2005, and increased the compensation to $13,000 per month. In September 2004, defendants

presented a revised new agreement (hereinafter the Second New Agreement) to plaintiff. Plaintiff alleges that after it refused to enter into either the New Agreement or the Second New Agreement, defendants began contacting plaintiff's shareholders with the purpose of inducing plaintiff into the Second New Agreement.

Plaintiff's First Claim for Relief alleges common law fraud, asserting that defendants fraudulently induced plaintiff to enter into the Agreement by falsely representing that they had existing contacts that would immediately provide financing to plaintiff's project. Plaintiff alleges that defendants continued to make false representations throughout 2004 in order to persuade plaintiff to continue making payments to defendants. Plaintiff avers that defendants made these false statements with the intent that plaintiff would rely upon them, that defendants did so rely upon them, and was damaged as a result.

In its Second Claim for Relief, plaintiff alleges breach of contract against Coalianz. It asserts that Coalianz breached the implied covenant of good faith and fair dealing and failed to use its best efforts to fulfill its contractual obligations. Specifically, plaintiff avers that, under the terms of the Agreement, Coalianz was to incur travel expenses for plaintiff's benefit, but that, instead, Coalianz charged travel expenses to plaintiff that were not for plaintiff's benefit. Plaintiff also alleges that Coalianz used confidential information about plaintiff's shareholders to solicit them to invest in other Coalianz projects.

Plaintiff's Third Claim for Relief alleges violations of the Oregon Securities Act. It asserts that the Agreement was an investment contract because Coalianz verbally and in writing promised to obtain investment financing for plaintiff in exchange for the advance

fees provided in the Agreement and an equity interest in plaintiff's business. Plaintiff avers that defendants intentionally made false representations to induce plaintiff to enter into the Agreement, and that Coalianz acted as an unlicensed broker-dealer by effecting transactions in securities for plaintiff's accounts. Plaintiff also alleges that Coalianz acted as an unlicensed state investment adviser by engaging in the business of advising others about the selling of securities.

Plaintiff's Fourth Claim for Relief asserts interference with economic relationship. Plaintiff avers that defendants' actions in contacting its shareholders was intentional and done for the improper purpose of coercing plaintiff to enter into the New and Second New Agreement with Coalianz.

**DISCUSSION**

Defendants move to dismiss plaintiff's common law and securities fraud claims, or, alternatively, request that plaintiff make its claims more definite and certain. Also in the alternative, defendants move to strike portions of the Complaint. The court finds that plaintiff's Complaint is sufficiently particular and adequately apprises defendants of the time, place, content, and persons involved in each claim for relief, so that defendants are able to prepare a defense and avoid unfair surprise.

Federal Rule of Civil Procedure 9(b) provides that all allegations of fraud shall contain the circumstances constituting the fraud with particularity. This means that, to satisfy 9(b)'s requirements, the plaintiff must identify the time, place, and content of the allegedly fraudulent act or statement. *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097, 1104

(9th Cir. 2003) (citation omitted). Common law fraud requires proof of: (1) a material false representation; (2) the speaker's knowledge of its falsity; (3) the speaker's intent that the statement will be acted on by the bearer in the manner contemplated by the speaker; (4) the bearer's ignorance of the statement's falsity; (5) the bearer's reasonable reliance on the alleged truth of the statement; and (6) consequential and proximate injury. *State ex rel. v. Redden v. Discount Fabrics, Inc.*, 615 P.2d 1034, 1038 (Or. 1980) (citation omitted). O.R.S. 59.165(1) makes it unlawful for any person to transact business in the State of Oregon as a broker-dealer or as a salesperson, unless that person is licensed under the Oregon Securities Law. It is also unlawful for any person to transact business in the State of Oregon as a state investment adviser, unless that person is licensed under the Oregon Securities Law. O.R.S. 59.165(6).

      The Complaint alleges that defendants fraudulently induced plaintiff to enter into the Agreement by falsely representing that they had existing contacts that would promptly fund plaintiff's project. These statements were false because the truth was that defendants were simply "cold-calling" potential lending sources and bringing plaintiff to meetings with potential investors in the hopes that an investor would be interested in investing. Plaintiff was unaware of the falsity of these statements and reasonably relied upon defendants' representations to its detriment. Plaintiff later realized that defendants did not have any pre-existing relationships with any investor that was prepared to fund plaintiff's project. These representations were material because they induced plaintiff to cancel its stock offering to its existing shareholders.

The Complaint further alleges that Wendt, Cheros, and Does 1-20 are liable under the Oregon Securities Act because they are control persons, as defined by the Oregon Securities Act, the Agreement constituted a security, and defendants made intentionally false statements in the course of effecting transactions related to the Agreement. It alleges that Coalianz acted as an unlicensed broker-dealer under the Oregon Securities Act by engaging in securities transactions for the account of others, and that Coalianz acted as an unlicensed state investment adviser under the terms of the Oregon Securities Act by engaging, for profit, in the business of advising others about the sale of securities.

Based on the foregoing, the court finds that plaintiff's averments as set forth in the Complaint are stated with sufficient particularity and adequately detail the facts and elements of each claim to satisfy the Federal Rules of Civil Procedure and the applicable law for each claim.

//
//
//
//
//
//
//
//
//

## **CONCLUSION**

Defendants' Motion to Dismiss, Make More Definite and Certain, or to Strike (Doc. #11) is DENIED.

IT IS SO ORDERED.

Dated this \_\_\_9\_\_ day of May, 2005.


    /s/Ancer L.Haggerty

ANCER L. HAGGERTY
United States District Judge